NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LARRY JOE ROBERTS, *Appellant*.

No. 1 CA-CR 17-0062
FILED 11-14-2017

Appeal from the Superior Court in Mohave County
No. S8015CR201501411
The Honorable Steven F. Conn, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Daniel DeRienzo, PLLC, Prescott Valley
By Daniel DeRienzo
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer B. Campbell joined.

**B R O W N**, Judge:

**¶1**         Larry J. Roberts appeals his conviction and sentence for sale of dangerous drugs.  Counsel for Roberts filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the record on appeal, he found no meritorious grounds for reversal.  Roberts was given the opportunity to file a supplemental brief but did not do so.

**¶2**         Our obligation is to review the entire record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Roberts.  *State v. Guerra*, 161 Ariz. 289, 293 (1989).

**¶3**         A confidential informant suggested to police that Roberts was a potential target for a methamphetamine ("meth") bust.  The police arranged for the informant to make two controlled purchases from Roberts, one in September 2015 and the other in October 2015.

**¶4**         Before the October transaction, police provided the informant with a recording device and searched his car and his person to ensure he did not possess any contraband.  The informant was also given $400 that was photographed by police.  The informant purchased drugs from Roberts using marked bills that the police previously photographed.  The informant left with the drugs, which were later confirmed as meth.  Police found cash in Roberts's wallet that matched the photographed bills.

**¶5**         Roberts was arrested and charged with two counts of sale of dangerous drugs—Count 1 arose from the September transaction and Count 2 arose from the October transaction.  A jury failed to reach a verdict on Count 1, but convicted Roberts on Count 2, a class 2 felony, and also found he committed the offense while on release.

**¶6**         At a subsequent hearing, Roberts entered a plea agreement that provided for a dismissal of Count 1, a stipulated sentence of seven

years for Count 2, and a stipulated sentence for a felony conviction in an unrelated matter (Mohave County Superior Court No. CR 2015-01309). The superior court then sentenced Roberts to consecutive prison terms of seven years for Count 2 and three years for the offense committed in CR 2015-01309, with 415 days of presentence incarceration credit for Count 2. Roberts timely appealed.

¶7 After a thorough review of the record, we find no reversible error. *See Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Roberts was represented by counsel at all stages of the proceedings against him. Roberts was present at all critical stages. The evidence presented supports the conviction and the sentence imposed falls within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with Roberts's constitutional and statutory rights and the Arizona Rules of Criminal Procedure. Therefore, we affirm Roberts's conviction and resulting sentence.

¶8 Defense counsel's obligations pertaining to Roberts's representation in this appeal have ended. Counsel need do no more than inform Roberts of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Roberts has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration. Roberts has 30 days from the date of this decision to proceed, if he wishes, with a pro per petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA